NOT DESIGNATED FOR PUBLICATION

No. 117,724

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MITCHELL R. AHLEFELD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed November 17, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM:  Mitchell R. Ahlefeld appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Ahlefeld's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and requests that the district court's judgment be affirmed.

On March 26, 2015, Ahlefeld pled guilty to one count of possession of methamphetamine. On June 26, 2015, the district court sentenced Ahlefeld to 12 months' imprisonment and placed him on probation with community corrections for 18 months conditioned upon drug treatment.

1

Ahlefeld repeatedly violated the conditions of his probation. At a hearing on October 19, 2015, Ahlefeld admitted that he failed to refrain from the use of drugs and failed to attend drug treatment as directed. The district court ordered Ahlefeld to serve a two-day "quick dip" in the county jail and extended his probation for 18 months.

At a hearing on February 9, 2017, Ahlefeld admitted that he committed a new drug crime of "unlawful inhalation." The district court ordered Ahlefeld to serve three days in jail as a sanction and again extended his probation for 12 months.

On March 4, 2017, the State filed a warrant alleging that Ahlefeld had violated his probation by committing the crime of "unlawful abuse of toxic vapors." At a hearing on March 27, 2017, Ahlefeld stipulated to the violation. The district court revoked Ahlefeld's probation and ordered him to serve his underlying prison sentence. He timely appealed.

On appeal, Ahlefeld claims the district court "abused its discretion by revoking [his] probation and ordering execution of [his] sentence." However, Ahlefeld acknowledges that once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court. The State argues that Ahlefeld has failed to present any compelling facts to support a finding that the district court abused its discretion in revoking Ahlefeld's probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2016 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2016 Supp. 22-3716

when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

K.S.A. 2016 Supp. 22-3716 generally provides that once a defendant has violated the conditions of probation, the district court must apply graduated intermediate sanctions before the court can revoke probation and order the defendant to serve the sentence imposed. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). In fact, the record reflects that Ahlefeld received graduated sanctions from the district court in this case. However, pursuant to K.S.A. 2016 Supp. 22-3716(c)(8), the court may revoke probation without having previously imposed an intermediate sanction if the offender commits a new felony or misdemeanor while on probation. Pursuant to K.S.A. 2016 Supp. 22-3716(c)(9), the court may revoke probation without having previously imposed an intermediate sanction if the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the offender will not be served by such a sanction. Whether the district court's reasons are sufficiently particularized as required by statute is a question of law over which an appellate court has unlimited review. See *State v. McFeeters*, 52 Kan. App. 2d 45, 47-48, 362 P.3d 603 (2015).

Here, as Ahlefeld acknowledges, the district court revoked his probation after finding that he committed a new crime while on probation. The district court also explained to Ahlefeld at the hearing that "you can no longer benefit from probation; that it won't serve your interest. You continue to huff and use drugs within a month of when I just reinstated you or continued you." Based on these findings, the district court was not required to impose additional intermediate sanctions. The district court's decision to revoke Ahlefeld's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Thus, we conclude the district court did not abuse its discretion in revoking Ahlefeld's probation and ordering him to serve his underlying prison sentence.

Affirmed.